PEARSON, MJ.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Chappell & Co. et al., | ) CASE NO. 5:08cv3000 |
| Plaintiffs, | ) |
| | ) JUDGE DAVID D. DOWD |
| | ) |
| | ) MAGISTRATE JUDGE PEARSON |
| v. | ) |
| | ) |
| 111 North Main Street, Inc. et al., | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |

Before the Court is a Motion for Entry of Consent Decree. ECF No. 14-1. Plaintiffs, Chappell & Co. et al., (collectively, "Plaintiffs") request that the Court enter a Consent Decree signed by Plaintiffs' counsel and Defendant Michael Owen, on behalf of himself and the business of which he is President, 111 North Main Street, Inc. (collectively, "Defendants"). *See* ECF No. 14-2.

### I. Relevant Factual and Procedural History

On December 24, 2008, Plaintiffs, represented by counsel, filed a complaint against Defendants. Defendants are not represented by counsel. On February 10, 2009, the undersigned ordered Plaintiffs to "submit an appropriate request for entry of default, motion, affidavit and proposed order for default judgment by February 20, 2009, or show cause why the [] case should not be dismissed for want of prosecution." ECF No. 12. Plaintiffs responded that there was a possibility of settlement and requested more time to either file a consent decree or request that a default

(5:08cv3000)

judgment be entered. The undersigned granted Plaintiffs' request and extended the due date until March 20, 2009. On that date, Plaintiffs timely filed a Motion for Entry of Consent Decree. ECF No. 14-2. Because Defendant Michael Owen entered the Consent Decree on behalf of himself and 111 North Main Street, Inc. without the benefit of legal counsel, on March 24, 2009, the Court held a telephonic conference during which Owen assured the undersigned that he understood and agreed to the Settlement Amount and Default Judgment Amount contained in the Consent Decree.[1] Subsequently, on April 1, 2009, the parties supplemented their earlier filing with a notarized statement that 111 North Main Street, Inc. authorized Owen to enter the Consent Decree on its behalf, among other things. *See* ECF No. 15.

## II. Recommendation

The Court finds that the Consent Decree is appropriately executed and comports with what it should be. Therefore, the Court recommends that Plaintiffs' Motion for Entry of Consent

---

[1] Additionally, although Defendant corporation 111 North Main Street, Inc. is without counsel, in their complaint, Plaintiffs describe Defendant Michael Owen as the President of the corporation with "primary responsibility for the control, management, operation and maintenance of the affairs of said corporation." ECF No. 1 at 2. This description suggests that Defendant Michael Owen is authorized to represent the corporation during negotiations and consent to settlement on the corporation's behalf. Also, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the corporation's Articles of Incorporation and Subsequent Appointment of Agent, which are public documents found on the Ohio Secretary of State website (http://www2.sos.state.oh.us/pls/portal/PORTAL_BS.BS_QRY_BUS_FILING_DET.SHOW?p_arg_names=charter_num&p_arg_values=916649). These documents identify Michael D. Owen as one of three initial incorporators and, subsequently, the Statutory Agent upon whom process, notice and demand required or permitted by statute to be served upon the corporation may be served. *See* Articles of Incorporation; Subsequent Appointment of Agent. Thus, the undersigned believes that Michael Owen is duly authorized to act on behalf of Defendant 111 North Main Street, Inc.

(5:08cv3000)

Decree be granted; that the proposed Consent Decree (ECF No. 14-2) be entered; and that the case be dismissed with prejudice.

|  |  |
|---|---|
| Dated: April 2, 2009 | s/ Benita Y. Pearson<br>United States Magistrate Judge |

## OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).